(47 App. Div. 144.)

### RUSSELL et al. v. RUSSELL.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

WITNESSES—TRANSACTIONS WITH DECEASED PERSON—EVIDENCE.

    Since charging of rent on a landlord's books in the absence of the tenant, and demanding the rent so charged, constitute different transactions, testimony of the landlord's executor that he had found a book in the landlord's handwriting, containing items of rent charged against the tenant,

did not authorize the tenant to testify in rebuttal that the landlord had not demanded such rent, under Code Civ. Proc. § 829, declaring that where an executor, who is the plaintiff, testifies in his own behalf to a personal transaction between defendant and deceased, the defendant becomes a competent witness in his own behalf as to the same transaction.

Appeal from trial term, Ulster county.

Action by George W. Russell and Frederick T. Russell, as executors, etc., of William F. Russell, deceased, against William M. Russell. From a judgment in favor of defendant, and from an order denying a new trial, plaintiffs appeal. Reversed.

This is an appeal from a judgment rendered upon a verdict in favor of the defendant and against the plaintiffs, and from an order denying plaintiffs' motion for a new trial. The action was brought to recover for the rent of a store from May 1, 1887, to May 1, 1896, at $130 per year, amounting to the sum of $1,180.83. The defense was the statute of limitations for part of the rent prior to June 1, 1892, and for a second defense the defendant alleged a special contract made with the plaintiffs' testator in his lifetime, by which, in consideration of the defendant's looking after and caring for the building of which the store occupied by the defendant was a part, the deceased agreed to give the defendant the use of the store without rent. Upon the trial the defense of the statute of limitations as to a part of the claim was sustained. As to the special contract alleged by the defendant, evidence was given of the performance by the defendant of services in and about the building, and also of a conversation had by one of the defendant's witnesses with the deceased, in which the deceased stated that he had not charged the defendant rent for some years. In answer to this testimony, one of the plaintiffs was called as a witness, and produced a book, in regard to which he testified as follows: "I found this book in the desk of William F. Russell after his death. Page one of that book is the handwriting of William F. Russell, excepting the last two items charged. The general nature of the items shown upon that page of that book is store rent, beginning April 1, 1884, charged each year until April 1, 1895, and then one month added on afterwards, and then there is a credit for three years,—from 1884 to 1887,—in William F.'s handwriting." The defendant was then recalled as a witness, and was asked the following question: "Q. Mr. Russell, in the year 1887,—the 1st day of April, 1887, until the time of his death,—did William F. Russell ever ask or demand of you any rent?" This was objected to as calling for a personal transaction between the witness and William F. Russell, the deceased, under section 829, Code Civ. Proc. The objection was overruled. The plaintiff excepted, and the witness answered, "No." In the view that is taken of the case, it is unnecessary to state any further facts.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

Peter Cantine (Chas. F. Cantine, of counsel), for appellants.

Brinnier & Newcomb (Alvah S. Newcomb, of counsel), for respondent.

HERRICK, J. The only question of consequence arising in the case is the one last referred to in the foregoing statement of facts, arising under section 829 of the Code of Civil Procedure. "The rule is that where an executor, who is a plaintiff, testifies in his own behalf to a personal transaction between the deceased and the defendant, then the defendant becomes a competent witness in his own behalf with respect to the same transaction, but not other or different transactions." Rogers v. Rogers, 153 N. Y. 343–350, 47 N. E. 452. I do not think that charging the matter upon his books in the absence of the person so charged constitutes a personal transaction between

the parties. Assuming, however, that it is such a transaction, it is a separate and distinct transaction from that of demanding payment of the amount so charged. The entry of an alleged indebtedness upon one's books and the demand from the person so charged of its payment are separate and distinct transactions, and the question asked of the defendant, and which he was permitted to answer, was as to a separate transaction from that testified to by the plaintiff, and should not have been admitted. The error was material, and for that the judgment should be reversed.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.